**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIMOTHY ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-CV-0291-CVE-SAJ |
| ) | |
| M. SIRMONS; CHARLES DORSEY; ) | |
| KEN TAYLOR; HARROLD LEAK; and ) | |
| MS. RODEN, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state inmate appearing *pro se*. In his amended complaint filed on June 30, 2005 (Dkt. # 5), Plaintiff asserts five (5) claims against Defendants, all employees of the Oklahoma Department of Corrections ("DOC"). Presently before the Court is a motion to dismiss for failure to exhaust administrative remedies filed September 22, 2005, by Defendants Sirmons, Dorsey, Taylor, Leake, and Roden (Dkt. # 14). Plaintiff has filed a response in opposition to the motion to dismiss (Dkt. # 15). For the reasons stated below, the Court finds the motion to dismiss should be granted

*Background*

Plaintiff is housed at the Dick Conner Correctional Center ("DCCC") and raises claims related to his inability to obtain necessary items of clothing, the prices of canteen items, and the portion size and quality of food served at meals. He also asserts that the inmate welfare fund is being spent on staff cookouts and other inappropriate expenditures rather than inmate recreation, as designed. Finally, he claims that DCCC "is depriving all inmates of due process and protected liberty interest by demoting to level one on any misconduct, even though the state legislature passed

a new law that allows for inmates to loose [sic] only one level if the misconduct is not of serious nature." See Dkt. # 5 at 2-C.  Plaintiff seeks relief under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Plaintiff initiated grievance procedures within the prison to obtain relief for some of his complaints, but the record and the exhibits attached to Plaintiff's amended complaint reflect that he did not exhaust all his available remedies. Accordingly, his complaint, as amended, shall be dismissed without prejudice.

*Analysis*

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Woodford v. Ngo, 126 S.Ct. 2378 (2006); Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) "imposes a pleading requirement on the prisoner," who must "(1) plead his claims with 'a short and plain statement . . . showing that [he] is entitled to relief,' in compliance with Fed. R. Civ. P. 8(a)(2), and (2) 'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003) (quotation omitted). "In the absence of particularized averments concerning

exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Id. (quotation omitted). The "PLRA contains a total exhaustion requirement" and "the presence of unexhausted claims in [a] complaint" requires the dismissal of the complaint in its entirety without prejudice. Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

In their motion to dismiss, Defendants claim that Plaintiff has failed to exhaust his administrative remedies under 42 U.S.C.§1997e regarding all claims asserted in his amended complaint. Defendants have attached the DOC inmate/offender grievance policy to their motion. See Dkt. #14, Ex. 1. According to the policy, an inmate with a grievance must first try to resolve the complaint by talking with an appropriate staff member. Id. at 4. If not resolved, a written "Request to Staff" form must be submitted. If the complaint is not resolved after submission of a "Request to Staff," the next step is to submit a formal complaint on an "Inmate/Offender Grievance Report Form." Id. There are additional procedures for appealing any unsatisfactory decision of the reviewing authority. Id. at 5-9. It is clear, however, from Plaintiff's amended complaint (Dkt. # 5) and response to Defendants' motion to dismiss (Dkt. # 15) that he did not complete the grievance process.

Relevant grievance documents submitted by Plaintiff consist of the following:

**Request to Staff** dated June 7, 2005, addressed to "Laundry Sup. Mr. Leak" requesting certain items of clothing and inquiring why they are not available. He also asks why prisoners must pay for the clothing items. The staff member's undated response states that they are out of the requested clothing items at this time and Plaintiff should talk to the unit staff about DOC money for clothing. See Dkt. # 5 attachment.

>**Request to Staff** dated June 7, 2005, addressed to "Kitchen Sup. Ken Taylor" asking why the DOC main menu is not followed, why the food portions are so small, and why milk is available only 2-3 times per week. The staff member's June 7th response indicates that the main master menu is followed. See Dkt. # 5 attachment.
>
>**Request to Staff** dated June 7, 2005, addressed to "Canteen Sup. Mr. Dorsey" asking why certain items are being sold at a profit. The staff member's June 20th response indicates that is how it is done at DCCC. See Dkt. # 5 attachment.
>
>**Inmate/Offender Grievance Report Form** dated June 15, 2005, addressed to Marty Sirmons, Warden at DCCC, regarding clothing, meal and canteen issues addressed in the previous request to staff forms. See Dkt. # 5 attachment.
>
>**Grievance Response from Reviewing Authority** dated June 27, 2005, indicating the grievance report form "is being returned to you unanswered" because it did not have the appropriate documentation attached. See Dkt. # 5 attachment.

Plaintiff has not provided any documents to this Court evidencing that he resubmitted the grievance report form according to correct procedures, or that he appealed the response according to administrative procedures. Plaintiff advises in his response to Defendants' motion to dismiss that he "did not pay the $2.00 charge to appeal the warden's adverse denial" because he believed it "would have been a waste of money to appeal to the directer [sic] who would only agree with the side of the prison." Dkt. # 15 at 3. Respondent correctly asserts that Plaintiff did not demonstrate that he had properly followed the grievance procedure for the issues raised in this lawsuit. The Court also notes that no grievance procedures, informal or formal, appear to have been initiated by Plaintiff regarding his complaints of inappropriate use of the inmate welfare fund and denial of due process liberty interests relating to misconducts.

Upon careful review of the motion to dismiss, the Court finds that the arguments presented are meritorious. The record presented by the parties demonstrates that Plaintiff filed this civil rights action prior to exhausting the grievance process provided by the Oklahoma Department of Corrections. Therefore, the Court concludes the complaint shall be dismissed for failure to exhaust

administrative remedies as required by 42 U.S.C. § 1997e. The dismissal of this matter shall be without prejudice and is effective as to all Defendants. A separate judgment shall be entered for Defendants.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Dkt. # 14) is **granted**.

2. Plaintiff's amended complaint (Dkt. # 5) is **dismissed without prejudice** for failure to exhaust administrative remedies.

3. This is a final Order terminating this action.

4. A separate Judgment shall be entered in favor of Defendants.

**IT IS SO ORDERED** this 4th day of August, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT